### GONZALES v. COWERD et al.

No. 8620—Opinion Filed March 30, 1920.

(Syllabus by the Court.)

### Oil and Gas—Action to Cancel Lease—Diligence in Development.

In the instant case the parties hereto, on January 22, 1912, entered into an oil and gas lease, the lessees agreeing to commence operation within six months from date. Within the time fixed for operation the lessees hauled lumber and erected a derrick, and in December following placed tools upon the grounds to develop a well, and in January following commenced actual drilling, and in February following finished a well at a depth of 1,825 feet. The lessor brings this suit to cancel the lease for the reason that operation was not begun in good faith and was not carried out with reasonable diligence. The judgment of the trial court was in favor of the lessees. Held, that such finding is not against the clear weight of the evidence, and for that reason will not be disturbed.

Error from District Court, Muskogee County; R. P. deGraffenried, Judge.

Action by Lula Gonzales against E. M. Cowerd and others. Judgment for defendants, and plaintiff brings error. Affirmed.

Davidson & Williams, for plaintiffs in error.

T. J. Flannelly, N. A. Gibson, Jos. L. Hull and T. L. Gibson, for defendants in error.

HIGGINS, J. In the trial court plaintiff in error was plaintiff and defendants in error were defendants and for convenience they will be so referred to in this opinion.

January 22, 1912, plaintiff executed an oil and gas lease to E. M. Cowerd and Francis E. Epperson, which was by them, on the 18th day of July following, assigned to the Prairie Oil and Gas Company. The lease is for a certain period of years or so long thereafter as oil or gas is found in paying quantities. A certain royalty is stipulated therein, and the lessees agreed to begin operation within three miles of the premises covered by this lease within six months from the date of its execution, and if operation were not begun in such time,

they agreed to pay to the lessor 25 cents per acre yearly in lieu of such work. It is further provided in the lease that should the lessees fail to pay the royalties or rents provided in the lease for a period of 60 days, then the lessor at her option might, by giving 60 days notice in writing, void the lease and cause the same to be null. The petition alleges that operation under the lease did not begin in six months and that the rentals provided therein had not been paid, and that notice as provided therein had been given, and she prayed that the lease be held null and void.

The defendants E. M. Cowerd and Francis E. Epperson made no appearance, and judgment went against them by default. The defendant Prairie Oil and Gas Company filed a general denial, and further pleaded that it had complied with all the terms of the lease.

The plaintiff testified that there was no operation of any kind under the lease within six months from its execution; that she had not been paid any rentals; that she had told the lessees Cowerd and Epperson that they had not done what they agreed and she wanted her papers back.

The defendant introduced evidence showing that on July 17, 1912, five days before the expiration of the lease, it had hauled lumber to and placed upon the lands within three miles of the lands in question, and erected a derrick thereon within the six months period; that on December 19th following, tools were placed on the ground, and that the actual drilling of the well commenced on January 10th following and was finished February 5th following at a depth of 1,825 feet, and that neither oil nor gas was found therein. The parties admit that plaintiff did not give the notice to null and void the lease as provided by the terms thereof. The judgment of the trial court was in favor of the defendant, and plaintiff appeals to this court. The plaintiff's principal assignment of error is that operations were not begun in good faith and within the six-months' period, and were not carried out with fair and reasonable diligence. The first question to consider in this assignment of error is whether or not the mere hauling of lumber and the commencement of the derrick as heretofore stated constitute operation as provided by the contract. The plaintiff does not give us the benefit of any adjudicated case showing that such is not operation of the lease as provided by the contract. The defendant in behalf of its contention cites the case of Forney v. Ward (Tex. Civ. App.) 62 S. W. 108, wherein the court said that whether or not the hauling of lumber upon the lease on the day before the date it would

otherwise have expired is sufficient to constitute the beginning of a well is a question for the jury.

In Henderson v. Ferrell (Pa.) 38 Atl. 1018, it was held that where defendant drove a stake for place for the well and had lumber hauled thereon the afternoon of the last day for commencement of operations, but plaintiff refused to allow the lumber to be unloaded, operations were commenced within the meaning of the lease.

So, under these authorities and under the evidence set out above, we cannot say that the judgment is against the clear weight of the evidence, so for that reason we will not disturb the judgment of the trial court on the ground that operations had not in good faith commenced prior to the limitation fixed by the contract. The plaintiff in error did not cite any authorities in support of the doctrine that the contract should be annulled for the reason it is unilateral. Her theory is based on the contention that there were no operations commenced within the six-months period, and as the court found that operations did commence, consequently her contention that the contract is unilateral must fail.

The question whether or not notice of forfeiture must be given will not be discussed, for the reason that the finding herein was that operations did commence within the terms of the contract and that the right of forfeiture never existed. Affirmed.

OWEN, C. J., and PITCHFORD, BAILEY, and McNEILL, JJ., concur.